UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, TROPICAL AUDUBON SOCIETY, and the MIAMI BLUE CHAPTER of the NORTH AMERICAN BUTTERFLY ASSOCIATION,<br><br>   Plaintiffs,<br><br>   v.<br><br>DEBRA HAALAND, U.S. DEPARTMENT OF THE INTERIOR, MARTHA WILLIAMS, and the U.S FISH AND WILDLIFE SERVICE,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.: 2:22-cv-14244-AMC |

**STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiffs Center for Biological Diversity, Tropical Audubon Society, and the Miami Blue Chapter of the North American Butterfly Association, ("Plaintiffs") and Defendants Debra Haaland, in her official capacity as Secretary of the U.S. Department of the Interior, the U.S. Department of the Interior, Martha Williams, in her official capacity as Director of the U.S. Fish and Wildlife Service, and the U.S. Fish and Wildlife Service ("Service") (collectively, "parties"), who, by and through their undersigned counsel, state as follows:

WHEREAS, on October 4, 2012, the Service published a proposed rule to list the Florida bonneted bat as an endangered species under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544. 77 Fed. Reg. 60,750 (Oct. 4, 2012);

WHEREAS, the Service concluded that designation of critical habitat for the species is "prudent but not determinable at this time due to lack of knowledge of which physical and biological features are essential to the conservation of the species." *Id.* at 60,775;

WHEREAS, when the Service publishes in the Federal Register notice of a proposed regulation listing a species, it has one year to either: (1) publish a final regulation that lists the species and finalize critical habitat designation concurrently; or (2) if critical habitat is prudent but not determinable, publish notice that it is extending the one-year period by no more than one additional year. 16 U.S.C. § 1533(b)(6)(A)(ii); 50 C.F.R. § 424.17(b)(2);

WHEREAS, if the Service avails itself of the one-year extension because it finds critical habitat is prudent but not determinable, it must within the additional year publish a final regulation designating, to the maximum extent prudent, critical habitat. 16 U.S.C. § 1533(b)(6)(C)(ii);

WHEREAS, on October 2, 2013, the Service issued a final rule listing the Florida bonneted bat as an endangered species under the ESA. 78 Fed. Reg. 61,004 (Oct. 2, 2013);

WHEREAS, the Service again concluded that "critical habitat is not determinable at this time," *id.* at 61,042, and stated that "we intend to publish a separate rule proposing designation of critical habitat for the Florida bonneted bat in the near future." *Id.* at 61,004;

WHEREAS, following litigation, the Service published a proposed rule to designate critical habitat for the Florida bonneted bat on June 10, 2020.  85 Fed. Reg. 35,510 (June 10, 2020);

WHEREAS, the Service has not yet designated critical habitat for the Florida bonneted bat;

WHEREAS, the Service has determined that it is appropriate to revise its proposed rule to designate critical habitat for the Florida bonneted bat.

WHEREAS, on July 6, 2022, the Plaintiffs filed the above-captioned action to compel the Service to designate critical habitat for the Florida bonneted bat by a date certain, ECF No. 1;

WHEREAS, the parties, through their authorized representatives, and without any final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have negotiated a settlement that they consider to be in the public interest and a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint;

WHEREAS, the parties desire to resolve Plaintiffs' claims according to the terms set forth below, and thus hereby stipulate and agree as follows:

1. On or before **November 15, 2022**, the Service shall submit to the Office of the *Federal Register* for publication a revised proposed determination concerning the designation of critical habitat for the Florida bonneted bat, unless the Office of Information and Regulatory Affairs ("OIRA") determines this action is "significant" pursuant to Executive Order 12866. Should OIRA make such a determination, this deadline shall be extended an additional 120 days, until **March 15, 2023** in order to comply with the interagency review process established by Executive Order 12866.

2. The Service shall submit to the Office of the *Federal Register* for publication a final designation of critical habitat for the Florida bonneted bat **one year** after the proposed determination concerning the designation of critical habitat for the Florida bonneted bat is published in the Federal Register.  Should OIRA make such a determination that this action is "significant" pursuant to Executive Order 12866, this deadline shall be extended an additional

120 days, in order to comply with the interagency review process established by Executive Order 12866.

3.  The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that either party seeks to modify the terms of this Agreement, including the deadlines specified in Paragraphs 1 and/or 2, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification.  The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court.  If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

4.  In the event that Defendants fail to meet the deadlines specified in Paragraphs 1 and/or 2 have not sought to modify such deadline(s), Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above.  This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

5.  This Agreement requires only that Defendants take the actions specified in Paragraphs 1 and 2.  No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the APA,

or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the ESA, APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determinations made pursuant to Paragraphs 1 or 2 of the Agreement. To challenge any final determination, Plaintiffs must file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

6. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for making a determination regarding critical habitat for any listed species.

7. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, none of the parties waives or relinquishes any legal rights, claims, or defenses it may have. This Agreement is executed for the purpose of settling Plaintiffs' Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

8. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

9. The parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the parties.  By entering into this Agreement, the parties do not waive any claim or defense except as expressly stated herein.  This Agreement contains all of the terms of agreement between the parties concerning the Complaint, and is intended to be the final and sole agreement between the parties with respect thereto.  The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

10. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein.  Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

11. The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying the Agreement.

12. Plaintiffs reserve their right to request reasonable fees from Defendants and Defendants reserves their right to contest Plaintiffs' entitlement to recover fees in this case and the amount of any such fees, and do not waive any objection or defenses they may have to Plaintiffs' fee request.  If the parties are unable to settle Plaintiffs' fee claim, Plaintiffs will have 60 days from the approval of this Agreement to file a motion for fees.

*Stipulated Settlement Agreement*  
*Center for Biological Diversity, et al. v. Haaland, et al.,* Case No. 2:22-cv-14244-AMC

6

13. Upon adoption of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee any dispute as to fees and compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated November 3, 2022

    Respectfully submitted,

    TODD KIM,
    Assistant Attorney General
    Environment & Natural Resources Division
    JAY GOVINDAN, Acting Chief
    MEREDITH L. FLAX, Assistant Chief

    */s/ Mark Arthur Brown*
    Mark Arthur Brown
    Florida Bar No. 0999504
    Senior Trial Attorney
    United States Department of Justice
    Environment & Natural Resources Division
    Wildlife & Marine Resources Section
    Ben Franklin Station
    P.O. Box 7611
    Washington, DC 20044-7611
    Tel: (202) 305-0204
    Fax: (202) 305-0275
    E-mail: mark.brown@usdoj.gov

    *Attorneys for Defendants*

      */s/ Ragan Whitlock*
Ragan Whitlock
FL1034177
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33713
Tel: (727) 426-3653
rwhitlock@biologicaldiversity.org

*/s/ Elise Pautler Bennett*
Elise Pautler Bennett
FL106573
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33713
Tel: (727) 755-6950
ebennett@biologicaldiversity.org

*Attorneys for Plaintiffs*

IT IS SO ORDERED.

Dated: _____, 2022   By: _____
                                                                HON. AILEEN M. CANNON
                                                                UNITED STATES DISTRICT JUDGE